# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| ALFRED LEE WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WARDEN CHRISTOPHER GORDY, ) <br> et al., ) <br> ) <br> Defendants. ) | Case No.: 5:17-cv-01648-LSC-JEO |

## MEMORANDUM OPINION

The magistrate judge filed a report on April 19, 2018, recommending this action be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b). (Doc. 9). The magistrate judge notified the plaintiff of his right to file objections to the report and recommendation and extended the time to file such objections at the plaintiff's request. (Docs. 9-11). On May 31, 2018, the plaintiff filed a "writ of mandamus" which shall be construed to be a motion to assign this case to a district judge, a motion to disqualify United States Magistrate Judge John E. Ott, and objections to the report and recommendation. (Doc. 12).

The plaintiff demands the court vacate the assignment of his case to Magistrate Judge Ott, vacate the report and recommendation, and reassign the case to an Article III judge. (*Id.* at 1). He raises various arguments (constitutional and

otherwise) rejecting Judge Ott's assignment and declares he unknowingly consented to the assignment. (*Id.* at 8-19). The plaintiff also asserts Judge Ott's "decision' in the report and recommendation is not "appealable." (*Id.* at 4).

The plaintiff is mistaken because the undersigned (an Article III judge), not Magistrate Judge Ott, has been assigned to this case. Therefore, his motion to reassign this action to a district judge is **DENIED**. Further, plaintiff has not consented to Judge Ott's jurisdiction over this case.[1] Although the case was referred to Judge Ott, the referral does not grant him jurisdiction or authority to make decisions regarding the plaintiff's claims. The report and recommendation is not a judgment or decision; rather it contains findings of fact and recommendations made pursuant to 28 U.S.C. § 636. At this juncture, there are no decisions to appeal.

The purpose of affording the plaintiff an opportunity to object to the report and recommendation is so that he can object to any errors of law or fact contained in the report. After the objection period, the district judge assigned to the case reviews the action *de novo*, meaning the undersigned independently canvasses the entire record, including the report and recommendation and the plaintiff's objections, before deciding whether to accept, reject, or modify the report and recommendation.

---

[1] The only consent signed by the plaintiff is a Prisoner Consent Form (doc. 4), and that document only grants permission for the filing fee payments to be made from his prison account.

In addition to his complaints about assignment and/or referral, the plaintiff seeks disqualification of Magistrate Judge Ott because he questions Judge Ott's impartiality and asserts the report and recommendation shows personal bias in the defendants' favor. (Doc. 12 at 1) (citing 28 U.S.C. § 455(a) (a judge shall disqualify himself if his impartiality "might reasonably be questioned"); 28 U.S.C. § 144 (a judge shall proceed no further if a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party").[2] For the reasons that follow, the plaintiff's motion to disqualify Judge Ott is **DENIED**.

The plaintiff declares the report and recommendation "is not an accurate and investigated report of the facts," "does not display a full litigation of both parties, and is arbitrary, capricious, bias[ed], and" prejudiced. (*Id.* at 2). He specifically complains that: (1) the defendants have never been served a copy of the complaint or directed to answer it, (2) the magistrate judge is improperly acting as both mediator and advocate for the defendants, and (3) he has been deprived of the opportunity to conduct discovery. (*Id.* at 3). Because of the alleged failings, the plaintiff declares that "there's no way he could properly file a responsive objection" to the report and recommendation. (*Id.* at 20).

---

[2] The plaintiff also cites Rule 21, Fed. R. Civ. P., but that Rule pertains to misjoinder and nonjoinder of parties and is thus inapplicable.

The plaintiff lacks understanding of the manner in which this court manages prisoner civil rights cases and misunderstands the manner in which federal district courts are required to screen prisoner cases. This court, *i.e.* the United States District Court for the Northern District of Alabama, initially utilizes an informal special report procedure in actions in which prisoners or detainees allege that they have been deprived of constitutional rights. Under the special report procedure, once a complaint is reviewed pursuant to 28 U.S.C. § 1915A, and *if* it is determined that the complaint is not due to be dismissed, the magistrate judge enters an order for special report, directing the clerk of the court to send the named defendants a copy of the complaint and requesting the defendants sign waivers of service and submit a special report concerning the factual allegations made by the plaintiff in his complaint.

The defendants are also informed in the order for special report that they may submit the special report under oath or accompanied by affidavits so that the court may, if appropriate, consider the special report as a motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure. A summons and complaint are served upon a defendant only after the defendant refuses or fails to respond to the court's order for special report.

The Northern District's special report procedure complies with federal statutory law requiring all district courts to screen and dismiss prisoner complaints

prior to service if the court finds the complaint is frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A(a)-(b) and § 1915(e)(2)(B). Thus, the 28 U.S.C. 1915A report and recommendation, the lack of service on the defendants, and the lack of discovery at this juncture does not show questionable partiality or advocacy and personal bias in favor the defendants by Judge Ott.

Next, the plaintiff contends the magistrate judge is biased because "[n]o one seeking a" federal magistrate judge position "here in Alabama is going to rule against Alabama Officials or Alabama Supreme Court Justices, the very people he or she has to rely upon for support in order to obtain and maintain his or her job and position as a federal magistrate." (Doc. 12 at 5). The plaintiff is in error. "Alabama Officials" nor "Alabama Supreme Court Justices" have no authority to appoint or reappoint federal magistrate judges. Federal magistrate judges are appointed (and reappointed) by the district judges within the district they serve. *See* 28 U.S.C. § 631(a). The requirement that an appointed magistrate judge be a member in good standing of the Alabama State Bar for at least five (5) years does not, as the plaintiff suggests, indicate all magistrate judges are biased and beholden to any state official or the state's highest court. (Doc. 12 at 4 (citing 28 U.S.C. § 631(b))).

To the extent the plaintiff makes any discernible objections, he declares the "defendants were sued" for "deliberate indifference as they denied him of a serious medical needs and lied to him about not removing the bullet from" his "spine." (*Id.* at 3). He expresses his true belief that his "injury is serious above 'imminent danger.'" (*Id.*). These declarations simply repeat, in conclusory fashion, facts and arguments previously made. Elsewhere, the plaintiff asserts the report "is not an accurate and investigated report of the facts" (*id.* at 2), but he identifies no factual inaccuracies or errors in the report.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Therefore, in accordance with 28 U.S.C. § 1915A(b), the plaintiff's federal claims are due to be dismissed without prejudice for failing to state a claim upon which relief can be granted. With regard to the plaintiff's state law claims only, his request for supplemental jurisdiction is due to be denied pursuant to 28 U.S.C. § 1367(c)(3) because he has alleged no state law claims.

A Final Judgment will be entered.

**DONE** AND **ORDERED** ON JUNE 14, 2018.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704